IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2 0 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| SYLVIA CHOLICK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-08-89 |
| § | |
| LAREDO NATIONAL BANK and § | |
| MERRILL LYNCH, § | |
| § | |
| Defendants. § | |

## OPINION & ORDER

BE IT REMEMBERED that on March 19, 2008, the Court considered Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit, Dkt. No. 3.

Any court may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, without prepayment of fees and costs, by a person who makes affidavit that he is unable to pay such costs. 28 U.S.C. § 1915(a). A plaintiff may file an application to proceed in forma pauperis at any point during the suit because the statute "contemplates that a person not a pauper at the commencement of a suit may become one during or prior to its prosecution." Flowers v. Turbine Support Div., 507 F.2d 1242, 1245 (5th Cir. 1975), *overruled on other grounds*.

An individual need not be "absolutely destitute" in order to benefit from this statute. Adkins v. Du Pont, 335 U.S. 331, 339 (1948). However, the court has wide discretion especially in civil cases for damages and should grant the privilege sparingly. *Flowers*, 507 F.2d at 1244. Non-incarcerated applicants approved to proceed as paupers generally have very limited income, several dependents, and no other resources to cover the necessities of life. See Lee v. Runyon, 18 F. Supp. 2d 649 (E.D. Tex. 1998); Woods v. Trinity Memorial Hosp., 1995 WL 55275 (E.D. Tex.). Generally, applicants indicate that bills

Case 1:08-cv-00089   Document 4   Filed in TXSD on 03/19/08   Page 2 of 3

consume all of their income.  Mitchell v. Champs Sports, 42 F. Supp. 2d 642 (E.D. Tex. 1998).

Plaintiff completed a form Application to Proceed without Prepayment of Fees and Affidavit.  Dkt. No. 3.  In this application, Plaintiff explained that the cost of legal counsel is a hardship because she "need[s] three surgeries: (1) back surgery; (2) rotor cuff surgery; [and] (3) removal of uterine tumor procedure."  Dkt. No. 3, Ex. 1 at 5.  Plaintiff asserted that she is unemployed and in the past twelve months she received money from gifts or inheritances.  Dkt. No. 3, at 1.  She stated that payments were for maintenance.  Id. at 2.  In Plaintiff's attached affidavit, she indicated that she receives one thousand eight hundred dollars a year in dividends from American Capitol Strategies Stock and that her water, electric, food, and, to some extent, gas bills are paid by L. R. Jensen.  Dkt. No. 3, Ex. 1, at 2.  Plaintiff estimated that she receives four thousand dollars a year for maintenance from L. R. Jensen.  Id. at 4.  Moreover, Plaintiff owns two properties.  Dkt. No. 3, at 2.  She owns a lot in Harlingen, Texas valued at twenty thousand dollars and a mobile home in Corpus Christi, Texas valued at seven thousand five hundred dollars.  Id.

Plaintiff also indicated that in the past twelve months she received money from her "business, profession or self-employment."  Dkt. No. 3, at 1.  Plaintiff explained that the money she received was "to allow for legal and re-location expenses for legal representation."  Id. at 2.  Plaintiff signed and dated both forms attesting that "under penalty of perjury . . . the above information is true and correct."  Dkt. No. 3, at 2; Dkt. No. 3, Ex. 1 at 5.

Furthermore, Plaintiff filed a complaint against Laredo National Bank in Harlingen, Texas and Merrill Lynch in Brownsville. Texas.  Dkt. No. 1, at 1.  Plaintiff stated in the complaint that, "[i]n eight years Plaintiff Cholick has no[t] had use of her inheritance[,] except legal fees and court costs."  Id. at 2.

Plaintiff has not persuaded this Court that she should be allowed to proceed in forma pauperis.  Plaintiff seems to have funds available to her for legal representation.  See Dkt. No. 1, at 2 (indicating she may use her inheritance for legal fees); Dkt. No. 3, at 2 (asserting the she receives money for legal expenses and legal representation).

WHEREFORE the Court **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit, Dkt. No. 3.

DONE at Brownsville, Texas, on March 19, 2008.

_____
Hilda G. Tagle
United States District Judge